UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN MCGRATH,

    Plaintiff,

v.                                                        Case No: 8:21-cv-1926-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Karen McGrath seeks judicial review of the denial of her claim for supplemental security income (SSI). As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

**A. Procedural Background**

Plaintiff filed an application for SSI on June 7, 2019. (Tr. 313–19.) The Commissioner denied Plaintiff's claim both initially and upon reconsideration. (Tr. 246–52, 260–72.) Plaintiff then requested an administrative hearing. (Tr. 273–78, 288.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 154–82.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim for

benefits. (Tr. 135–53.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–7.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1973, claimed disability beginning on July 13, 2018, later amended to June 7, 2019, the application date. (Tr. 159, 403.) Plaintiff has a limited education and past relevant work as a light truck driver. (Tr. 148, 160, 178, 342.) Plaintiff alleged disability due to chronic back pain, mental illness, stomach problems, and seizures. (Tr. 341.)

In rendering the decision, the ALJ found that Plaintiff had not performed substantial gainful activity since June 7, 2019, the application date. (Tr. 140.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: gastritis; gastroesophageal reflux disease (GERD); irritable bowel syndrome (IBS); seizure disorder; degenerative disc disease of the lumbar spine; bipolar disorder; major depressive disorder; and generalized anxiety disorder. (Tr. 141.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 142.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except: the claimant is limited to work at that does not require climbing ladders, ropes or scaffolds; nor more than occasional climbing ramps/stairs; nor more than frequent crawling, balancing, crouching, kneeling, and stooping; shall avoid a concentrated exposure to extreme temperatures, noise, irritants, such as fumes, odors, dust, gases or poorly ventilated areas, and hazards, including no commercial driving and avoid large bodies of water; and further limited to work that is simple as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks in a work environment involving only simple-work related decisions; with few, if any, work place changes; and no more than occasional interaction with the general public.

(Tr. 144.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 146.)

Considering Plaintiff's RFC and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could not perform her past relevant work but could perform other jobs existing in significant numbers in the national economy, such as photocopy machine operator, office helper, and routing clerk. (Tr. 147–49.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 149.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

# ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to properly evaluate Plaintiff's subjective complaints of abdominal pain and diarrhea; and (2) the Appeals Council erred in refusing to consider new and material evidence. (Dkt. 23 at 6, 9.) For the reasons that follow, neither of these contentions warrants reversal.

## A. The ALJ's Consideration of Plaintiff's Subjective Complaints

First, Plaintiff argues that the ALJ erred in evaluating Plaintiff's subjective complaints regarding her abdominal disorder by failing to comply with Social Security Ruling (SSR) 16-3p, 2017 WL 5180304 (Oct. 25, 2017). (Dkt. 23 at 6–9.) In response, the Commissioner argues that the ALJ properly evaluated Plaintiff's subjective complaints, and substantial evidence supports the ALJ's decision. (Dkt. 24 at 10.)

When determining whether a claimant is disabled, in addition to objective record evidence, the ALJ must consider the claimant's subjective symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929. To evaluate whether a claimant has established disability through the claimant's testimony of subjective symptoms, the ALJ must apply the following test: first, the ALJ must determine whether there is evidence of an underlying medical condition, and second, whether there is objective medical evidence substantiating the severity of the symptoms from the condition or whether the medical condition is of sufficient

severity that it would reasonably be expected to produce the symptoms alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see also* 20 C.F.R. § 416.929.

If the ALJ determines that the claimant's medical condition could reasonably be expected to produce the claimant's symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine their effect on the claimant's capacity to work.  20 C.F.R. § 416.929(c)(1); *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–77 (11th Cir. 2010).  In doing so, the ALJ considers all available evidence, including objective medical evidence, medical opinions, information about the claimant's prior work, the claimant's statements about her symptoms, the claimant's daily activities, the frequency and intensity of the claimant's pain or other symptoms, the medications the claimant takes to alleviate pain or other symptoms, and the type of treatment the claimant receives.  *Douglas v. Comm'r, Soc. Sec. Admin.*, 832 F. App'x 650, 657 (11th Cir. 2020); 20 C.F.R. § 416.929(c).  The ALJ also considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence."  20 C.F.R. § 416.929(c)(4).  If the ALJ decides to discount the claimant's subjective testimony about the intensity, persistence, and limiting effects of her symptoms, the ALJ must articulate explicit and adequate reasons for doing so.  *Holt*, 921 F.2d at 1223; *see also Wilson*, 284 F.3d at 1225 (*citing Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).

SSR 16-3p provides additional guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms.  Pursuant to the Ruling, the SSA

"eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the] regulations do not use this term." SSR 16-3p, 2017 WL 5180304, at *2. "In doing so, [the SSA] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *Id.* Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Id.* SSR 16-3p additionally provides that when considering the 20 C.F.R. § 416.929(c)(3) factors to evaluate the intensity, persistence, and limiting effects of the claimant's symptoms, if there is no information regarding one of the factors, it need not be discussed. SSR 16-3p, 2017 WL 5180304, at *8.

Here, the ALJ properly assessed Plaintiff's subjective symptoms in accordance with SSR 16-3p, "consider[ing] all symptoms and the extent to which these symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 144.) The ALJ acknowledged Plaintiff's allegations that she was disabled "due to chronic back pain, mental illness, stomach problems, and seizures[,]" and "that she stopped working on January 20, 2013 because of her conditions." (Tr. 144.) The ALJ also acknowledged that "[a]s a result of her symptoms, [Plaintiff] reported that she experience[d] pain and dizziness all of the time[,] . . . ha[d] difficulty walking and use[d] a walker to assist with ambulation[,] . . . [and] ha[d] fallen three or four times even with her walker." (Tr. 144.) The ALJ indicated he "ha[d] read and considered the *Adult Function Report*

- 8 -

completed by [Plaintiff] on September 30, 2019[,]" in which Plaintiff explained that "because of her impairments she ha[d] difficulty lifting, squatting, bending, standing, walking, kneeling, and understanding." (Tr. 145, 359.) However, as noted above, "[a]fter careful consideration of the evidence," the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" her "statements concerning the intensity, persistence and limiting effects of these symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record." (Tr. 146.)

In so finding, the ALJ considered objective medical evidence of record, noting that it "fail[ed] to provide support for [Plaintiff's] allegations of disabling symptoms and limitations." (Tr. 145.) The ALJ found "[t]reatment notes during the relevant period show[ed] that [Plaintiff's] pain [wa]s primarily abdominal and periumbilical" and that Plaintiff was diagnosed with IBS and gastritis. (Tr. 145.) However, "[i]maging of [Plaintiff's] abdomen and pelvis from July 2020 revealed normal findings." (Tr. 145, 823.) The ALJ also noted "[Plaintiff] was diagnosed with gastroesophageal reflux disease with esophagitis after undergoing an endoscopy in August 2020 . . . [and] [a]n electrocardiogram from August 2020 revealed findings suggestive of evolving enterocolitis." (Tr. 145, 741, 751.) Additionally, "CT imaging of [Plaintiff's] abdomen and pelvis from November 2020 revealed constipation with large amount of dense and fecal material from the cecum to the rectum" with no evidence of bowel obstruction and nonobstructing left renal calculi. (Tr. 145, 876, 881.)

The ALJ also considered physical examination findings noting they "were not particularly adverse." (Tr. 145.) The ALJ found that although treatment notes demonstrated episodes of abdominal and periumbilical diffuse tenderness, they consistently documented normal gait, station, motor strength and tone, and "normal movement of all extremities with no evidence of cyanosis or edema." (Tr. 145 (citing Tr. 630, 687, 874); *see also* Tr. 723, 726, 729, 749, 833, 839, 887, 913, 931, 940–41.) The ALJ considered treatment modalities, noting they had been conservative, "consisting primarily of medication management with variously prescribed Remeron, tramadol, acetaminophen, and ibuprofen." (Tr. 145, 698, 703, 857, 886.)

The ALJ considered Bhupendra Gupta, M.D.,'s December 5, 2019 consultative examination. (Tr. 146, 707–11.) Dr. Gupta's evaluation documented a soft and nontender abdomen, with normal bowel sounds, no abnormal masses, fluid thrill, or evidence of clinical ascites. (Tr. 708.) The ALJ noted that Plaintiff demonstrated "5/5 motor strength throughout [Plaintiff's] upper and lower extremities bilaterally." (Tr. 146, 710.) Plaintiff was found to walk with ease "and ambulated without an assistive device" with a steady and directed gait. (Tr. 146, 710.) Additionally, Plaintiff "was able to take off her footwear and get on and off of the exam table with ease[,]" and "had normal range of motion throughout." (Tr. 146, 710.) The assessment noted Plaintiff's complaints of abdominal pain with a history of multiple laparoscopic/open surgeries, with no evidence of groin hernias, and an "[o]therwise normal physical examination with normal abilities." (Tr. 146, 711.) Plaintiff's Body Mass Index (BMI) was 19.4, within normal range. (Tr. 711.)

The ALJ found Dr. Gupta's assessment persuasive as "consistent with his physical examination findings and overall medical evidence of record, which show[ed] minimal evidence of physical limitation." (Tr. 146–47.)

Finally, the ALJ considered Plaintiff's activities of daily living, noting that "despite her impairments, [Plaintiff] ha[d] engaged in a somewhat normal level of daily activity." (Tr. 146.) The ALJ noted Plaintiff was able to independently care for her personal needs and grooming, drive a car, go out alone, shop in stores for groceries, and manage her finances. (Tr. 146, 355, 357.) The ALJ further considered Plaintiff's testimony "that she and her husband share[d] in the housecleaning, washing dishes, and laundry[,] . . . she care[d] for her eldest son who has cystic fibrosis[,] . . . [and] once or twice a month she visit[ed] her mother in a nursing home in St. Petersburg." (Tr. 146, 161–64.) The ALJ found Plaintiff's "physical and mental capabilities, as well as social interactions, requisite to performing many of the tasks described above replicate those necessary for obtaining and maintaining employment within the parameters of the residual functional capacity described in this decision." (Tr. 146.)

Plaintiff challenges the ALJ's assessment of her pain complaints by citing to treatment records that allegedly support her complaints. Notably, Plaintiff points to treatment notes reflecting her own subjective complaints. However, examination findings often revealed a soft abdomen, no tenderness, rebound, guarding, or distension, normal bowel sounds, no hernia, palpable mass, or pulsatile pass, and no organomegaly despite Plaintiff's complaints of abdominal pain and change in bowel

habits. *See, e.g.*, (Tr. 700, 723, 729, 737, 820, 833, 839, 887.) For instance, Plaintiff cites to her June 30, 2019 visit to South Bay Hospital with complaints of "abdominal pain and diarrhea 3 to 4 times per day for the past two days." (Dkt. 23 at 7 (citing Tr. 684).) However, on July 16, 2019, when Plaintiff returned to the Emergency Department with complaints of abdominal pain, it was noted that she "was last seen at South Bay Hospital on 06/30/2019 where her evaluation was unremarkable." (Tr. 938.) The physical examination on July 16, 2019 revealed a soft abdomen with mild diffuse tenderness with voluntary guarding, positive bowel sounds, and no pulsatile masses. (Tr. 940–41.) Plaintiff was alert, with no sensory deficit, and able to ambulate in the ER. (Tr. 941.) Moreover, X-rays of her abdomen revealed no free intra-abdominal air, no significant air-fluid levels, no dilated loops of large or small bowel, no gross organomegaly, and no unexpected calcifications. (Tr. 945.)

Plaintiff also points to her August 19, 2019 emergency room visit with complaints of abdominal pain, diarrhea, and vomiting. (Dkt. 23 at 7 (citing Tr. 928).) Plaintiff reported no longer being under pain management, and examination findings revealed a soft abdomen, with mild diffuse tenderness, positive bowel sounds, no distension, no guarding, no rebound, and no pulsatile masses. (Tr. 928–31.) It was noted that she was alert, fully oriented, with no sensory deficit, and able to ambulate in the ER. (Tr. 931.) X-rays of the abdomen revealed no evidence of high-grade mechanical bowel obstruction or free intraperitoneal air. (Tr. 932, 936.)

Similarly, on July 23, 2020, when Plaintiff returned to the emergency room with abdominal pain, *see* (Dkt. 23 at 7–8 (citing Tr. 911)), the physical examination

revealed a soft abdomen, with suprapubic tenderness, but non-tender McBurney's, no guarding or rebound, normoactive bowel sounds, and no distension, hernia, palpable mass, or pulsatile mass. (Tr. 913.) An abdomen and pelvis CT scan revealed no evidence of acute pathology, with a mild distal esophageal wall thickening, no gastric abnormality, normal caliber small bowel and colon, and no free fluid or free air in the abdomen or pelvis. (Tr. 916, 922–23.) It was noted Plaintiff "ha[d] no evidence of . . . pancreatitis, appendicitis, bowel obstruction, perforation or intra-abdominal abscess present on imaging[,]" she "did not have any episodes of vomiting or diarrhea while she was in the Emergency Department[,] [and] [h]er symptoms [were] most likely viral." (Tr. 917.)

Finally, Plaintiff cites to treatment notes from November 10, 2020, when she "was seen in the emergency room with complaints of abdominal pain, vomiting, and diarrhea times [sic] three days." (Dkt. 23 at 8 (citing Tr. 870).) However, it was noted "[t]he repeat examination [wa]s unremarkable and benign; in particular, there [wa]s no discomfort at McBurney's point and there [wa]s no pulsatile mass." (Tr. 876.) Additionally, it was noted that "[t]he history, exam, diagnostic testing, and current condition d[id] not suggest acute appendicitis, bowel obstruction, acute cholecystitis, bowel perforation, major gastrointestinal bleeding[,] . . . or other significant pathology to warrant further testing, continued ED treatment, admission, or surgical evaluation." (Tr. 877.)

To the extent Plaintiff argues the ALJ erred in "requiring objective evidence to support the Plaintiff's complaints of IBS," *see* (Dkt. 23 at 8), the ALJ did not solely

rely on the objective medical evidence to discount Plaintiff's statements of pain. As noted above, in addition to the objective medical evidence, the ALJ considered medical opinion evidence, treatment history, and Plaintiff's daily activities, and articulated explicit and adequate reasons for finding Plaintiff's subjective complaints not entirely consistent with the evidence.

Plaintiff additionally argues her "almost listing level weight was not even considered." (Dkt. 23 at 9.) However, at step three of the sequential evaluation process when assessing whether Plaintiff's abdominal disorder met or medically equaled Listing 5.08 governing the consideration of weight loss due to a digestive disorder, the ALJ noted that "despite continuing treatment as prescribed, there is no evidence of record during the relevant period that [Plaintiff] had a body mass index (BMI) of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive six month period" as required by Listing 5.08. (Tr. 142.) Plaintiff points to evidence that postdates the ALJ's decision, suggesting that she met the criteria of Listing 5.08. However, while Plaintiff's condition may have subsequently deteriorated, the ALJ's decision about Plaintiff's disability status as of January 29, 2021, was proper and supported by substantial evidence. Notably, at the November 17, 2020 hearing, Plaintiff's counsel stipulated Plaintiff "does not equal or meet the listings, but 5.06 and 5.08, she does come very close. And I did want to just point that out, but it does not meet the qualifications precisely." (Tr. 158.) Moreover, as the Eleventh Circuit has explained, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the

ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this court] to conclude that [the ALJ] considered her medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir.1995)).

In sum, the court finds that the ALJ's analysis satisfies the standard set forth in SSR 16-3p. As contemplated by the regulations, the ALJ considered all of the evidence of record when evaluating Plaintiff's abdominal disorder, including objective medical evidence, Plaintiff's treatment history, and her reported daily activities, and articulated specific reasons supported by substantial evidence for discounting Plaintiff's subjective complaints. To the extent Plaintiff asks the court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. Because the ALJ's findings are based on the correct legal standards and supported by substantial evidence, the decision must be affirmed even if the court would have reached a different conclusion. *See Bloodsworth*, 703 F.2d at 1239; *see also Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (finding that "[u]nder a substantial evidence standard of review, [the plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion"); *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) ("While the record does contain some evidence that is contrary to the ALJ's determination, we are not permitted to reweigh the importance attributed to the medical evidence."). On this record, the ALJ did

not err in considering Plaintiff's subjective complaints regarding her abdominal disorder.

### B. The Appeals Council's Consideration of Newly Submitted Evidence

Second, Plaintiff argues that the Appeals Council improperly refused to consider chronologically, and materially relevant evidence generated after the ALJ's decision, which suggests that Plaintiff's digestive disorder satisfied the criteria of Listing 5.08. (Dkt. 23 at 10.) Specifically, Plaintiff contends the new evidence shows she had a BMI of less than 17.50 on two occasions after the ALJ's decision, within a consecutive six-month period, as required under Listing 5.08.[1] In response, the Commissioner argues the newly submitted evidence did not relate to the period before the ALJ's decision, and therefore, the Appeals Council properly denied review. (Dkt. 24 at 10–14.)

"With a few exceptions, the claimant is allowed to present new evidence at each stage of th[e] administrative process," including before the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The Appeals Council must review a case if it receives additional evidence that is new, material, and chronologically relevant. 20 C.F.R. § 416.1470(a)(5); *Ingram*, 496 F.3d at 1261. To be considered "new," evidence

---

[1] An individual meets or equals Listing 5.08 if they exhibit "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." 20 C.F.R. Part 404, Subpt. P, App. 1, § 5.08. "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson*, 284 F.3d at 1224 (citing 20 C.F.R. § 404.1525(a)-(d)). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" *Id.* (citing 20 C.F.R. § 404.1526(a)).

cannot be cumulative of the evidence already submitted to the ALJ.  *Washington v. Soc. Sec. Admin, Comm'r*, 791 F. App'x 871, 876 (11th Cir. 2019) (citing *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)).  "Evidence is 'material' when a reasonable possibility exists that the evidence would change the administrative result."  *Id.* (citation omitted).  "Evidence is chronologically relevant if it 'relates to the period on or before the date of the [ALJ] hearing decision.'"  *McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 472 (11th Cir. 2016) (quoting 20 C.F.R. §§ 404.970(b), 416.1470(b)).  Records that postdate the ALJ's decision may be chronologically relevant when they assess conditions existing prior to the decision, the physician evaluated medical records from before the ALJ's decision, and there is no evidence of deterioration.  *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322 (11th Cir. 2015).  Whether evidence submitted to the Appeals Council is new, material, and chronologically relevant is a question of law subject to de novo review.  *Washington*, 791 F. App'x at 876 (citing *Washington*, 806 F.3d at 1321).

Here, the Appeals Council correctly determined that the newly submitted medical records dated February 4, 2021, through April 26, 2021, did not relate back to the time period before the ALJ's January 29, 2021 decision, and therefore were not chronologically relevant.  *See* 20 C.F.R. § 416.1470 (requiring the Appeals Council to consider new evidence only where it "relates to the period on or before the date of the hearing decision").  At the time of the decision, Plaintiff did not demonstrate a "BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period."  20 C.F.R. Part 404, Subpt. P,

App. 1, § 5.08.  Indeed, as noted above, at the November 17, 2020 hearing, Plaintiff's counsel stipulated Plaintiff "does not equal or meet the listings, but 5.06 and 5.08, she does come very close.  And I did want to just point that out, but it does not meet the qualifications precisely."  (Tr. 158.)

The new evidence suggests an aggravation in the severity of Plaintiff's condition after the ALJ's decision, and the proper remedy in this situation is the submission of a new application for disability benefits.  *See Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 858 (11th Cir. 2018) ("While evidence of deterioration of a previously considered condition may subsequently entitle a claimant to benefit from a new application, it is not probative of whether the claimant was disabled during the relevant time period under review.") (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)); *Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 615 (11th Cir. 2015) ("At most, [the new evidence] shows that [the plaintiff's] condition had deteriorated since the ALJ issued his decision, which does not warrant a remand.").  Because the new evidence is not chronologically relevant, the Appeals Council did not err in refusing to consider it.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on February 22, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record